NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SYLVIA RODRIGUEZ, | Civil Action No. 12-cv-04810 (SDW) (MCA) |
| Plaintiff, | |
| v. | **OPINION** |
| RELIANCE STANDARD LIFE INSURANCE COMPANY, | April 16, 2014 |
| Defendant. | |

WIGENTON, U.S.D.J.:

This matter comes before the Court upon motion by Plaintiff Sylvia Rodriguez ("Plaintiff" or "Rodriguez"), pursuant to Local Civil Rule 7.1(i), for reconsideration of the Court's Opinion and Order (January 31, 2014, ECF Nos. 23, 24) denying Plaintiff's motion for summary judgment and granting Defendant Reliance Standard Life Insurance Company's ("Defendant" or "Reliance") motion for summary judgment. (Mot. for Recons., Feb. 6, 2014, ECF No. 25). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Plaintiff's motion for reconsideration is **denied.**

### I. BACKGROUND[1]

Plaintiff was employed by GAF Materials Corporation and covered under Reliance's standard long term disability insurance policy. On or about July 26, 2008, Plaintiff asserts she became disabled as a result of the effects of Chronic Fatigue Syndrome and related symptoms. Defendant paid long term disability benefits to Plaintiff beginning on January 22, 2009. By

---

[1] The facts set forth in this Opinion are taken from the parties' respective submissions.

1

letter dated January 21, 2011, Matrix Absence Management, Inc., acting on behalf of Defendant, informed Plaintiff that her long term disability benefits were terminated.

As defined by the Policy, to qualify for disability during the initial 24-month period of coverage, an Insured must demonstrate an inability to perform material duties of her regular occupation. To qualify for benefits after 24 months, a claimant must be unable to perform the duties of "any occupation" which is defined as an inability to perform the material duties of any occupation that her education, training or experience reasonably allow. In addition, under the Mental or Nervous Disorders Limitation, benefits are not payable beyond 24 months for any disability that is caused by or contributed to by a Mental Disorder, including anxiety and depression.

Plaintiff appealed the termination of her benefits. After a review, Defendant sent Plaintiff a letter, dated August 7, 2012 (the "Appeal Decision Letter"), upholding the decision to terminate benefits. The Appeal Decision Letter quotes from the reports of five independent physicians and concludes that Plaintiff is not sufficiently impaired from any of her physical conditions to preclude her from doing sedentary work. The Appeal Decision Letter also provides that based on the evidence in the administrative record, "it is reasonable to conclude that her primary impairment is psychiatric in nature with somatic manifestations."

On August 2, 2012, Plaintiff filed suit in this Court, pursuant to Section 502(a)(1)(B) of ERISA, 29 U.S.C. 1132(a)(1)(B), seeking to recover the payment of long term disability insurance. On May 24, 2013, Plaintiff and Defendant each filed a motion for summary judgment. (ECF Nos. 15, 16). On January 31, 2014, an Opinion and Order (ECFs No. 23, 24) denying Plaintiff's motion and granting summary judgment in favor of Defendant was entered by the Hon. Dennis M. Cavanaugh, now retired. The Court reviewed Defendant's decision to deny

Plaintiff's benefits under the arbitrary and capricious standard and found the reports of five independent physicians to be sufficient evidence to support the conclusion that Plaintiff was no longer "Totally Disabled."  The Court also found that Defendant's decision to terminate Plaintiff's benefits on the ground that she had exhausted her 24 month coverage for a Mental or Nervous Disorder was not without reason or erroneous as a matter of law.  As the Court pointed out, according to the Plan, a finding that Plaintiff was not "Totally Disabled" or a finding that a Mental or Nervous Disorder contributed to her disability were each sufficient grounds to deny Plaintiff's benefits after 24 months.  Currently before this Court is Plaintiff's motion for reconsideration of the Court's Opinion granting summary judgment in favor of Defendant.

## II. LEGAL STANDARD

Motions for reconsideration in this District are governed by Local Civil Rule 7.1(i).  A motion pursuant to Local Rule 7.1(i) may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.  Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993); see also North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).  Such relief is "an extraordinary remedy" that is to be granted "very sparingly."  See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).  Local Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the Court before rendering its original decision.  See Bermingham v. Sony Corp. Of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994).  In other words, a motion for reconsideration is not an appeal.  It is improper on a motion for reconsideration to "ask the court to rethink what it ha[s] already

thought through - rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990)).

### III.   DISCUSSION

Plaintiff argues that the Court committed a manifest error of law in upholding Defendant's decision to deny Plaintiff's coverage on the basis that she was no longer "Totally Disabled" under the Plan.  According to Plaintiff, Defendant's decision to terminate coverage on this basis was invalid because it was not supported by a change in medical condition or new medical evidence as Plaintiff asserts is required under Miller v. American Airlines, 632 F.3d 837, 848 (3d Cir. 2010).  In her motion for reconsideration, Plaintiff points to the same cases and presents precisely the same arguments she made in her motion for summary judgment.

As the Court articulated above, a motion for reconsideration is not a forum for a party to recapitulate arguments already considered by the Court.  See Bermingham, 820 F. Supp. at 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994).  Plaintiff even admits in her moving papers that she "unsuccessfully argued" this same issue in her motion for summary judgment.  (Pl's Br. 6).  Although this Court believes Plaintiff is improperly asking the Court "to rethink what it has already thought through," for purposes of clarification, it will address the issue. Oritani Sav. & Loan Ass'n, 744 F. Supp. at 1314.

The cases cited by Plaintiff reflect the commonsense notion that a decision to terminate benefits that is based on the same medical evidence and evaluated under the same standard used to approve benefits must be supported by some change in medical condition or new medical finding.  See e.g. Miller v. American Airlines, 632 F.3d 837, 848 (3d Cir. 2010); Connor v. Sedgwick Claims Management Services, Inc., 796 F. Supp. 2d 568, 586 (D.N.J. 2011); Kosiba v. Merck & Co., 384 F.3d 58, 67 (3d Cir. 2004).  These cases find arbitrary action when the same

4

set of facts are treated inconsistently under the same standard.  This is not the issue here.  In this case, the standard of approval became more stringent after 24 months.  Even one of the cases cited by Plaintiff recognizes that "Courts in this Circuit have repeatedly upheld an administrator's termination of LTD benefits when the test changed from 'own occupation' to 'any occupation' because the standard for continued payment of benefits is more rigorous under the 'any occupation' test."  Hoch v. Hartford Life & Add. Inc. Co., No. 08-4805, 2009 U.S. Dist. LEXIS 37037, at *52 (E.D. Pa. Apr. 29, 2009) (citing Marx v. Meridian Bancorp, Inc., No. 99-4484, 2001 U.S. Dist. LEXIS 8655 (E.D. Pa. June 21, 2001), aff'd, 32 Fed. Appx. 645 (3d Cir. Mar. 27, 2002) (denying additional LTD benefits under "more stringent" any occupation standard); Russell v. Alcoa, Inc., No. 06-1459, 2008 U.S. Dist. LEXIS 28831 (M.D. Pa. Mar. 31, 2008) (same); Johnson v. Lucent Techs., Inc., No. 00-3708, 2001 U.S. Dist. LEXIS 6452 (E.D. Pa. May 15, 2001), recons. den., No. 00-3708, 2001 U.S. Dist. LEXIS 10886 (E.D. Pa. July 12, 2001) (same)).

     The Hoch decision and related cases are directly on point here.  In this case, for the first 24 months, to be considered "Totally Disabled" and thus eligible for benefits, Plaintiff had to show that she could not perform her "regular occupation."  (AR0287).  However, after 24 months, the standard to be considered "Totally Disabled" became higher and Plaintiff had to demonstrate the inability to "perform the material duties of any occupation."  Id. (emphasis added).  As in Hoch, the standard changed from "own occupation" to the more rigorous "any occupation" standard.  2009 U.S. Dist. LEXIS 3707, at *52.  Here, unlike the other cases relied on by Plaintiff, the Administrator did not arbitrarily decide to terminate benefits based on the same criteria it had used to approve benefits without the support of new medical evidence.  Instead, Plaintiff's benefits were terminated, in part, because the standard of approval became

5

stricter and Plaintiff no longer qualified for benefits.  Thus, the Court's decision on this issue was not based on a manifest error of law.

As to Plaintiff's other arguments, this Court finds that Plaintiff has failed to satisfy the high standard required to succeed on a motion for reconsideration.  Plaintiff has not presented any new factual evidence or legal authority.  Plaintiff has merely repeated the arguments that were proffered in her original motion for summary judgment.  The Court already considered these arguments and, after careful analysis, concluded that its ruling was appropriate.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is **denied.**  An appropriate Order accompanies this Opinion.

s/ Susan D. Wigenton
**Susan D. Wigenton, U.S.D.J.**

Date:          April 16, 2014
Original:      Clerk's Office
cc:            Hon. Madeline C. Arleo, U.S.M.J.
               All Counsel of Record
                    File